[Cite as *Rachel v. Ohio Dept. of Reh. & Corr.*, 2011-Ohio-2490.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIEL J. RACHEL

     Plaintiff

     v.

OHIO DEPT. OF REHABILITATION AND CORRECTIONS

     Defendant

     Case No. 2010-07946-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** Plaintiff, Daniel J. Rachel, an inmate formerly incarcerated at defendant's Trumbull Correctional Institution (TCI), filed this action alleging his personal property was stolen from his locked locker box inside his locked cell as a proximate cause of negligence on the part of TCI staff. Plaintiff related he returned to his cell from lunch on February 4, 2010 and "discovered my locked locker box in my locked cell had been opened and the (contents) stolen." Plaintiff pointed out he immediately reported the theft to a TCI employee who responded by searching two cells in a different housing unit where plaintiff's former cellmate had been transferred. No property was recovered incident to this search. Plaintiff noted he was subsequently informed (February 6, 2010) by a fellow inmate that his shoes which had been stolen from his cell were being worn by an inmate identified as "Benjamin a.k.a. Phillips." Plaintiff further noted he was informed that his additional property stolen from his cell was in the possession of inmate Benjamin, who was attempting to sell the property. Plaintiff advised he witnessed inmate Benjamin wearing his shoes on February 6, 2010 and reported this information

to TCI employee, Officer Urbania, along with supplying Officer Urbania a list of the property stolen on February 4, 2010. According to plaintiff, his shoes were still being worn by inmate Benjamin on February 7, 2010. Plaintiff stated, "I asked (Officer) Urbania what was going on (and) [h]e said he could see him (Benjamin) wearing my shoes and he lost the list I gave him and would I make up another which I gave him at 10:30 that day (February 7, 2010)." In his complaint, plaintiff maintained Officer Urbania delayed conducting a search of inmate Benjamin's cell until February 8, 2010 and could not find any property that was stolen on February 4, 2010. Plaintiff contended the delay by Officer Urbania in conducting a search of inmate Benjamin's cell constituted actionable negligence. Plaintiff recorded his shoes were subsequently recovered when he observed the shoes being worn by another inmate. No other property stolen on February 4, 2010 was recovered.

{¶ 2} Plaintiff asserted TCI staff failed to make any reasonable attempt to protect or recover his property items which included the following: two towels, two wash cloths, one calculator, one baseball cap, one stocking cap, one t-shirt, one pair of shorts, one radio, two sets of headphones, two television remote controls, twenty-five envelopes, four pens, one pair of gloves, one twill cap, cherry KoolAid, garlic shells, five Sunkist orange, one set of thermal underwear, and three bars of soap. Plaintiff requested damages in the amount of $165.97. Payment of the filing fee was waived.

{¶ 3} Plaintiff submitted a handwritten statement from fellow inmate, Tom L. Neville, who recorded that inmate Phillips (Benjamin) offered to sell him a pair of New Balance 608 shoes. Neville indicated he examined the shoes and saw the name Rachel written in ink on the inside of each shoe. Neville noted Phillips (Benjamin) also offered for sale two sets of headphones and two television remote controls.

{¶ 4} Defendant acknowledged plaintiff's property was stolen when an unidentified individual broke into his locker box and removed the items stored inside. However, defendant denied liability in this matter asserting plaintiff did not prove his property was stolen or unrecovered as a result of TCI staff breaching any duty of care owed to him. Defendant noted a search for plaintiff's property was conducted after he reported the theft, but no items were recovered. Defendant explained, "there was not any theft/loss reports on file for this incident." Defendant advised two searches were conducted for plaintiff's property, but no items were recovered. Defendant contended

the sole cause of plaintiff's property loss was the act of another inmate.

**{¶ 5}** Plaintiff filed a response insisting his property was not recovered due to the fact that TCI employee Officer Urbania refused to search inmate Benjamin's cell after Benjamin was observed wearing plaintiff's shoes. Plaintiff contended his property was unrecovered because a prompt search was not conducted by TCI staff.

CONCLUSIONS OF LAW

**{¶ 6}** 1)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 7}** 2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 8}** 3)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 9}** 4)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 10}** 5)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 11}** 6)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 12}** 7)    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.

2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particular persuasive as well as the assertions of Tom L. Neville.

{¶ 13} 8) The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams*.

{¶ 14} 9) Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 15} 10) The fact that defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD. Defendant is not required to take extraordinary measures to provide inmates means to secure their property. *Andrews v. Allen Correctional Inst.* (2009), 2008-09732-AD, 2009-Ohio-4268

{¶ 16} 11) Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possession in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶ 17} 12) However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶ 18} 13) Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 19} 14) However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is

such that it is indistinguishable and cannot be traced to plaintiff.

**{¶ 20}** 15) Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

**{¶ 21}** 16) Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIEL J. RACHEL

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATION AND CORRECTIONS

    Defendant

    Case No. 2010-07946-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Daniel J. Rachel, #530-216
P.O. Box 788
Mansfield, Ohio 44901

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
2/9
Filed 3/4/11
Sent to S.C. reporter 5/16/11